# WILLIAM J. ESTEP *et al.*

## *v.*

# WILLIAM H. FENTON *et al.*

66   467
23a  402

66   467
131  438

66   467
157   59

66   467
53a  669
54a  322

66   467
70a   74

66   467
77a  208

66   467
81a  321

1. CONTRACT—*character of performance necessary to a recovery.* In a suit to recover for work, labor, etc., in building a church, where the evidence was conflicting as to whether the house was completed, or the work performed in a good and workmanlike manner, or the materials used were of the character contracted for, the court instructed the jury, that if the contract for the building was completed substantially according to its terms, and nothing remained further to be done by the defendants but to pay, and the balance due was fixed by the contract, they could allow interest: *Held,* that the portion of the instruction which required only a substantial compliance with the contract and left the jury to find whether there had been such a performance, was improper and well calculated to mislead the jury.

2. SAME—*effect of acceptance of building.* Where the work on a building is not performed according to the agreement and not done in a workmanlike manner, or the materials used are not as good as contracted for, the contractor can only recover the reasonable worth of the work and materials, not exceeding the contract price, notwithstanding an acceptance of the building, unless such acceptance is in full discharge of the contract.

3. SAME—*recoupment.* Where a contract for a building is not performed according to the terms of the contract, the owner may recoup the damages sustained in consequence thereof in a suit to recover the price, although he may have done acts amounting to an acceptance of the building.

4. SAME—*instruction taking necessary facts from jury.* Where a contract for the building of a church and the furnishing of materials therefor required the building to be similar to another church, and it appeared that, at the time of the alleged completion of the church, or at some subsequent date, the other church had iron rods to support the building and prevent it from spreading, it is proper for the jury, in a suit for the price, to say whether such rods were in the other church when the contract was entered into, and if so whether they formed a necessary part of the plan of the building, and it is error to take such question from the jury by instruction.

APPEAL from the Circuit Court of Tazewell county; the Hon. CHARLES TURNER, Judge presiding.

Messrs. LACEY & WALLACE, and Messrs. ROBERTS & GREEN, for the appellants.

Messrs. DEARBORN & CAMPBELL, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellees, in the Mason circuit court, against appellants, to recover for work and labor, etc., in building a church. The venue of the case was changed to the circuit court of Tazewell county, where a trial was subsequently had, resulting in a verdict for $1003.60. After overruling a motion for a new trial the court below rendered a judgment on the verdict, and defendants appeal to this court.

It appears, from the evidence, that appellants, as trustees of a church organization, employed appellees to erect a church edifice. Appellees entered upon the performance of their contract, erected a building, and claim that it was completed, and accepted by appellants. It also appears, that on the 11th of September, 1867, the building was consumed by fire. It is not claimed that there was a formal acceptance, but the proof shows that on two occasions some of the trustees, having the key of the house, opened it and permitted Sunday school to be held in it. The funeral services of a child were also held in the house, but with whose permission is not stated; but as appellees lived some fifteen miles distant, it might be inferred that one of the trustees, who had usually kept the key, may have permitted it to be so occupied. Again, it appears the trustees employed persons to wash the floors and to clean the house. It is claimed that these acts are sufficient to warrant the jury in drawing the inference that it was accepted, especially as it nowhere appears that either the trustees or the building committee ever informed appellees that there was any objection to the manner in which the work was performed, although some one or more of them were frequently present whilst it was progressing and after it was completed.

On the other hand, it is contended there was neither a formal nor other acceptance of the work; and it is claimed that the work was not done according to the contract, nor were the materials of the quality agreed to be furnished; that the walls were sprung, the roof was sagged, the plastering cracked, the floor opened in places; that the roof leaked, and that the sash did not fit in the window cases.

It is urged that the springing of the walls, the depression in the roof, the opening in the joints of the floor and the cracking of the plastering, all grew out of an insufficient foundation, the material of which was furnished by, and was constructed as required by appellants. The question whether the building was accepted or the work properly performed, and whether proper materials under the contract were used, was for the determination of the jury, under proper instructions of the court. We shall, therefore, turn our attention to the instructions given for appellees.

The jury are told by the second of appellees' instructions, that if the contract for the building of the church was completed substantially according to its terms, and nothing further remained to be done by appellants but to pay over the money, and the balance due was fixed by the contract, they could allow interest. This instruction, by implication, informs the jury, that if the supposed facts were proved they could find for appellees and allow interest.

That portion of the instruction which only requires a substantial compliance with the terms of the agreement, and leaves it to the jury to find whether there has been such a performance, was improper and well calculated to mislead the jury. In *Taylor* v. *Beck,* 13 Ill. 376, a similar instruction was held to be erroneous, and that decision has been followed in subsequent decisions of this court.

Nor can we say that the case is of that character that the instruction could not have prejudiced appellants. The evidence is not harmonious, but is quite conflicting. The evidence is contradictory as to whether the house was completed;

also, as to whether the work was performed in a good, workmanlike manner, and whether the materials were of the character contracted to be used in the building. These were questions all involved in that of the performance of the contract.

Appellants did not contract that appellees might substantially perform their agreement, but for its performance; and what the jury may have considered a substantial performance we can not know. In determining that question they may have taken the widest latitude.

It was calculated to mislead in another particular. If the jury found an acceptance of the building, still, if the work was not performed according to agreement, and was not done in a workmanlike manner, or if the materials were not as good as contracted to be used, appellees could only recover the reasonable worth of the work and materials, if it did not exceed the contract price. Unless the trustees accepted the property in full discharge of the contract, they could recoup damages sustained by reason of its performance in a manner different from the agreement, although they may have done acts amounting to an acceptance. But this instruction precludes that view of the case.

The fifth of appellees' instructions is erroneous. It takes from the jury the question whether iron rods were a necessary part of the building for its support, and contracted for in the agreement. It appears, that at the time the building was burned, or at some subsequent date, iron rods were used to support the building and prevent it from spreading, in the Baptist church in Havana, and the contract required the building in this case to be similar. It was for the jury to say whether such rods were in the Baptist church when the contract was entered into, and if so, whether they formed a necessary part of the plan of the building. This question, however, was by the instruction taken from the consideration of the jury, which was error.

We think appellants' sixth and seventh instructions embody correct principles of law applicable to the case, and should have been given.

For the errors indicated, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*