[No. 15836. Department Two. August 23, 1920.]

## C. R. HARRILD, *Respondent*, v. SPOKANE SCHOOL DISTRICT, *Appellant*.[1]

JURY (4) — RIGHT TO JURY TRIAL — LEGAL OR EQUITABLE ACTION. An action to recover a sum of money, in which the defense was lack of indebtedness because of non-compliance with the contract, is strictly a law action and triable by a jury.

EVIDENCE (83) — DEMONSTRATIVE EVIDENCE — MODELS — DISCRETION OF COURT. In an action to recover the price of school desks manufactured for the defendant, it is discretionary to refuse to allow defendant to display other desks for comparison, it not being shown that the model desks were of the same quality or character as those delivered.

CONTRACTS (144) — SUBSTANTIAL PERFORMANCE — MANUFACTURE OF CHATTELS FOR SPECIAL USE. The doctrine of substantial performance applies to contracts for the manufacture of chattels according to plans and specifications, for a special use.

SAME (144) — SUBSTANTIAL PERFORMANCE — INSTRUCTIONS. In an action for the price of school desks manufactured according to plans and specifications in which the court instructed that plaintiff could recover if he had tried to follow the plans and specifications and the desks delivered were substantially as required by the contract, it is not error to refuse a requested instruction that the plans and specifications were a part of the contract and that plaintiff must show by a preponderance of the evidence that he complied strictly with the contract.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered November 4,

[1]Reported in 192 Pac. 1.

1919, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*Joseph B. Lindsley* and *Fred J. Cunningham,* for appellant.

*Plummer & Lavin,* for respondent.

BRIDGES, J.—The respondent entered into a contract with the appellant whereby he agreed to manufacture and deliver twenty-four drawing tables and twenty-four drawing desks, which the appellant desired to use in the fine arts and mechanical drawing department of one of the schools in the city of Spokane. The contract price for the tables was $253, and for the desks, $628. The contract provided that the respondent should manufacture these articles in accordance with certain plans and specifications furnished to him. In due course, the articles were delivered to the appellant, which refused to accept or pay for them on the ground that they were defective and were not constructed in accordance with the contract. Thereupon the respondent sued for the contract price, and the appellant defended on the grounds above indicated. There was a verdict for the respondent and judgment was entered thereupon, from which this appeal is taken. The appellant's motions for nonsuit, for judgment notwithstanding the verdict, and for a new trial were denied.

Appellant first contends that its demand that the case be tried by the court without a jury, or, if tried by a jury, that its verdict be considered advisory only, should have been granted. It seems to us that the case is strictly one of law and not one of equity. The purpose of the action was to recover a sum of money; the defense was, in substance, that there was no indebtedness to the respondent because the latter had not complied with the contract. We are satisfied the court was

right in ruling that the case was one triable by a jury.

One of the chief questions involved was whether or not the manufactured articles were constructed in accordance with the plans and specifications and were of good workmanship. During the trial the appellant asked permission to display before the jury not only the articles in question, but also other manufactured desks to be used as models for comparison purposes. The court permitted only the articles in dispute to be shown to the jury, and refused the remainder of appellant's request. We do not find any reversible error in this. The appellant did not indicate the kind of model desks he desired for comparison purposes. It was not shown whether they were finished or unfinished, whereas those involved in this action were not painted nor varnished. It was not shown that the model desks were to be of the same kind, quality and character as those involved in this action. In any event, it was entirely discretionary with the trial court whether it would permit these comparisons.

The chief argument presented to this court for the reversal of the case is based on the instructions to the jury. The court, in substance, instructed that, if the respondent had honestly and faithfully tried to follow and comply with the plans and specifications, and that the tables and desks were substantially as required by the contract, then the respondent would be entitled to maintain his action. In other words, the theory of the trial court was that a substantial compliance was all that the law required. The appellant seems to admit that, in building contracts, a substantial compliance is sufficient, but contends that the rule does not apply to articles manufactured for a special purpose, as in this case. In other words, it takes the position that there must be a strict compliance of a contract for the manufacture of a chattel for a specific use.

The common law required a strict compliance with the terms of all contracts. Later, however, it was realized that this strict rule was liable to, and often did, work a great injustice, and at a somewhat early period the equity courts began to work a relaxation of the common law rule. Following the lead of equity, the law courts soon began to recognize the justness of the substantial compliance rule and first applied it to building contracts, and at the present time it is almost universally held that a substantial compliance is sufficient in such contracts. This court has long since adopted and followed this rule. *Mortimer v. Dirks,* 57 Wash. 402, 107 Pac. 184; *Windham v. Independent Tel. Co.,* 35 Wash. 166, 76 Pac. 936; *Schmidt v. North Yakima,* 12 Wash. 121, 40 Pac. 790. But the question in this case is whether the substantial compliance doctrine should apply to a contract such as is involved here. It must be admitted that the decisions of the courts are not altogether harmonious on this question.

It is argued that the strict compliance rule of the common law has been relaxed by the courts in building contracts because in those instances the construction is upon the land of another and cannot be removed, and that it would be unjust, under those circumstances, to require one who has substantially but not strictly complied with the contract, to lose all of his work and material. But this same reason would equally apply to contracts for the manufacture of chattels for special use, for, while the manufacturer may carry away the article, it is of but little, if any, use or value to him. He will have lost his material and work in the one instance almost to the same extent as in the other. In equity, the substantial compliance rule is applied to almost all contracts and the party is permitted to recover as for a completed performance, less such dam-

ages as the other party may have been put to by reason of the matters not performed. 13 C. J. 691; 9 Cyc. 601. If justice requires the doctrine of substantial performance to be applied to building contracts, we see no good or logical reason why it should not, on the same grounds, be made applicable to contracts of the character here involved. At page 966, vol. 6, R. C. L., it is said:

"By the common law, a party to a contract was compelled to show a literal performance of the stipulations of it before he could claim damages for a nonperformance against the other. Expressions in some of the more recent cases seem to indicate a tendency to relax the rigor of this rule. Thus, it is said that the law looks to the spirit of a contract and not the letter of it, and that the question therefore is not whether a party has literally complied with it, but whether he has substantially done so.' Other courts have said that substantial, and not exact, performance, accompanied by good faith, is all the law requires in the case of any contract to entitle a party to recover on it. Although a plaintiff is not absolutely free from fault or omission in every particular, the court will not turn him away if he has in good faith made substantial performance, but will enforce his rights on the one hand, and preserve the rights of the defendant on the other, by permitting a recoupment. Such statements would appear to be especially applicable to cases in which, in view of the nature of the contract, a substantial compliance must have been contemplated by the parties."

See, also, 13 C. J. 690.

In the case of *Gillespie Tool Co. v. Wilson*, 123 Pa. St. 19, 16 Atl. 36, it is said:

"The equitable doctrine of substantial performance is intended for the protection and relief of those who have faithfully and honestly endeavored to perform their contract in all material and substantial particulars, so that their right to compensation may not be

forfeited by reason of mere technical, inadvertent or unimportant omissions or defects.''

In the case of *Meincke v. Falk*, 61 Wis. 623, 21 N. W. 785, the contract was for the construction of a carriage like another carriage which was to be used as a model. It appears that, although the carriage, when constructed, was as good as the model carriage and was substantially the same, yet there were minor and unimportant differences. On this account the defendant refused to accept the manufactured article. It was held that the trial court was in error in taking the case from the jury. The court said:

''To say that the parties intended that the two carriages should be precisely alike in every unimportant particular, that there should not be the least difference between them in any part, however slight, would be placing upon the language used a forced and unreasonable construction. It is impossible for any mechanic to make even two spokes precisely alike, so that a glass, or possibly the naked eye, cannot detect some slight difference between them.''

The case of *Leeds v. Little*, 42 Minn. 414, 44 N. W. 309, was one concerning the erection of a building upon the premises of another, but the language of the court is sufficiently broad to be applicable to cases of this character. The court said:

''In many cases, such as building contracts, notwithstanding the most honest, diligent and intelligent effort to fully perform in every particular, yet, owing to oversight, inadvertence, or some excusable mistake, very often some slight omissions or defects may be discovered. To hold that a builder could not in any such case recover on his contract would be too rigid a rule to apply to the practical affairs of life. Substantial performance is all that reason or the law requires. Literal compliance in every detail is not required. This is the rule applicable to contracts generally.''

At page 2147, vol. 3 of Page on Contracts, it is said:

"The doctrine of substantial performance is by no means limited to building contracts. If any contract is performed substantially, recovery can be had thereon subject to recoupment of damages, if any."

To the same general effect see the following cases: *Newport v. Newport etc. Bridge Co.*, 90 Ky. 193, 13 S. W. 720, 8 L. R. A. 484; *Peterson v. Mayer*, 46 Minn. 468, 49 N. W. 245, 13 L. R. A. 72; *Foeller v. Heintz*, 137 Wis. 169, 118 N. W. 543, 24 L. R. A. (N. S.) 327, and note.

The appellant cites 23 R. C. L., page 1418, as laying down the rule of strict performance. There it is said:

"Where the contract is for the sale of unidentified property or property not in existence, and the contract requires that it be of a certain character or quality, the requirement as to quality, etc., is not a mere warranty, but a condition precedent to a valid tender by the seller, and if the property is not of the kind called for by the contract there is no obligation on the buyer to accept; and this is true though the article is one which was to be specially manufactured by the seller. In the latter case the doctrine of substantial performance with allowance to the buyer of a deduction with respect to the matter in which the article falls short of the requirements called for by the contract is not to be applied."

But this is said with reference to sales and is not applicable to contracts of the nature of the one at bar. The case of *Springfield Shingle Co. v. Edgecomb Mill Co.*, 52 Wash. 620, 101 Pac. 233, 35 L. R. A. (N. S.) 258, cited and greatly relied upon by the appellant, is such an instance as is referred to in the last quotation from Ruling Case Law. In that case one party agreed to sell, and the other to buy, "Star-A-Star" grade of shingles. The manufacturer, however, furnished an inferior grade of shingles of much less value, and the

court held that the purchaser was not required to take them. It seems hardly necessary to point out the many distinctions existing between that case and this one. It seems to us not to be in point in any regard.

We are prepared to hold, and do hold, that the doctrine of substantial performance applies not only to building contracts, but to all contracts for the construction of chattels according to plans and specifications, for a special use.

The appellant complains that the court erred in not giving its requested instruction No. 3, reading as follows:

"You are instructed that the plans, drawings and specifications are a part of the contract which the plaintiff and defendant entered into for the manufacture and sale of the articles of furniture mentioned therein, and the plaintiff must show by a preponderance of the evidence in this case that he complied strictly with said contract, drawings and specifications in all material particulars in the manufacture of said articles before he can recover herein."

We think this request is, in substance, the same as the instructions given by the court, for it has been held that:

" 'Substantial performance' means strict performance in all essentials necessary to the full accomplishment of the purposes for which the thing contracted for was designed. Failure as to any of such features, whether in good faith or bad faith, any departure from the contract, not caused by inadvertence, or unavoidable omission, any defect so essential 'as that the object which the parties intended to accomplish to have a specified amount of work performed in a particular manner is not accomplished,' is inconsistent with substantial performance of the contract." *Manning v. School District No. 6,* 124 Wis. 84, 102 N. W. 356.

In fact, some of the courts hold that substantial performance means full performance according to the fair

intent of the parties. 13 C. J. 691, and cases cited.

We think the court properly submitted the case to the jury. The judgment is affirmed.

Holcomb, C. J., Tolman, Mount, and Fullerton, JJ., concur.