[No. 19168.   Department Two.   August 19, 1925.]

Acme Forge Works, *Respondent*, v. V. Ramaglia, *Appellant*.[1]

Contracts    (144)—Substantial    Performance—Instructions.
Whether a contract to make a steel scraper which, when completed,
was to weigh 2400 pounds (which the testimony shows was very
important), was substantially performed, is a question of law for
the court, and it is error to fail to instruct the jury as to what is
substantial performance, where the evidence showed that it weighed
only 2030 pounds, and did not work satisfactorily on that account.

Appeal from a judgment of the superior court for King county, Smith, J., entered October 16, 1924, upon the verdict of a jury, rendered in favor of the plaintiff, in an action on contract. Reversed.

*Geo. B. Cole* and *John Wesley Dolby*, for appellant.

*H. E. Foster* and *George Olson*, for respondent.

Mitchell, J.—This action was brought to recover judgment for material furnished and labor performed at the request of the defendant in the making of a steel scraper or drag line bucket for ditch digging; also, for $3 the cost of delivering it, and also, for additional material and labor in improving the bucket in the sum of $140.42, making a total of $823.42. The answer denied generally all liability, and affirmatively set up specifically the failure to substantially comply with the specifications for the construction of the bucket. The affirmative matter was denied by a reply. The trial to a jury resulted in a verdict for the full amount sued for, upon which, after defendant's motion for a new trial was denied, a judgment was entered, from which the defendant has appealed.

There are a number of assignments of error the merits of which need not be discussed, in view of our

[1]Reported in 238 Pac. 637.

conclusion that the judgment must be reversed because of erroneous instructions to the jury; and because the other errors complained of may not occur upon another trial, according to the issues as they may be at that time presented. The testimony shows that weight is a very material element to be taken into consideration in the proper construction of such an implement, for the practical and successful use of it. The evidence on behalf of the appellant was to the effect that it was understood and agreed that, when completed, the bucket should weigh 2400 pounds; that, if it had weighed 2400 pounds, it would have worked satisfactorily; that, when put to use, it was a failure, among other reasons, because it was too light, and that it was returned to the respondent. The appellant and a corroborating witness both testified that the respondent, through its officers, admitted that the bucket, when finally finished, weighed only 2030 pounds. The officers of the respondent testified that the bucket was made according to the agreement, and that nothing was understood or said with reference to the weight of it.

Among other things, the court instructed the jury,

"If you find that the plaintiff substantially carried out the terms of the contract then the plaintiff is entitled to recover."

And again the jury was instructed,

"If you take the view of the plaintiff that it was substantially complied with, and the contract as he states it has been established, then he is entitled to the agreed price of $680 plus these extras, amounting to the total of $823.42."

The jury was not instructed as to what was meant by substantially carrying out of the terms of the contract, which appears to have been an important matter in the consideration of this case, where the weight of

the bucket was material and the difference between its actual weight and the weight contracted for as shown by the evidence on behalf of the appellant was approximately twenty per cent. The dispute as to the facts was for the jury, of course, but it should not have been left to determine the law. The rule has been well stated in *Dazey v. Stairwalt,* 123 Ill. App. 489, wherein the court relying on *Estep v. Fenton,* 66 Ill. 467, and *Keeler v. Herr,* 157 Ill. 57, 41 N. E. 750, said:

"Whether a contract has been substantially performed is a question of law, and the submission of that question to a jury without informing them what constitutes a substantial performance is error."

This view is in harmony with what was said in *Harrild v. Spokane School District,* 112 Wash. 266, 192 Pac. 1, 19 A. L. R. 811, which was a case involving the doctrine of substantial performance of a contract, wherein, in answer to an assignment of error that the court refused to give an instruction putting the burden on the plaintiff to show that he had complied with the contract in all material particulars in the manufacture of the articles, by saying that such instruction had been given in substance by the trial court in the light of the law defining "substantial performance" as set out in the opinion. That is, since the court did instruct the jury upon the subject of "substantial performance" according to an approved definition of another court, which was set out in the opinion, that that was sufficient, notwithstanding the requested instruction that was refused.

As to the rule with reference to the right of recovery of the full amount sued for in the case of substantial performance of the contract, as instructed by the trial court, that may become an important inquiry on the second trial according to the issues and

proof. It may be stated that the subject is discussed in *Harrild v. Spokane School District, supra,* and in the case of *Keeler v. Herr, supra.*

The appellant further complains that the court refused a trial amendment of the answer. It is unnecessary to decide whether or not the court abused its discretion in that particular, as any and all proper amendments to the pleadings will be allowed by the trial court upon application therefor before a new trial of the case.

Judgment reversed.

TOLMAN, C. J., FULLERTON, MACKINTOSH, and HOLCOMB, JJ., concur.