[File No. 6350.]

FARGO GLASS & PAINT COMPANY, a Corporation, Respondent,
v. Mrs. J. W. SMITH, whose True Christian Name Is Louise H.
Smith, Appellant.

(266 N. W. 100.)

Opinion filed March 18, 1936.

*Nilles, Oehlert & Nilles,* for appellant.

*Lawrence, Murphy, Fuller & Powers,* for respondent.

BURR, J. The plaintiff sues to recover $1576.00, with interest from January 5, 1932, upon a contract for the furnishing of labor and material for the installation of a store front, and alleges that it "substantially performed and completed said contract."

The defendant denies the work was done correctly and counterclaims alleging "it will be necessary to tear out and completely install practically the entire front, etc."

The case was tried to the court without a jury. The court found the plaintiff did substantially and in good faith perform the contract, but allowed the defendant a deduction of $100.00 from the contract price as the cost of labor and material necessary to correct some minor defects. The parties stipulated that the defendant was entitled to a further credit of $23.00. Judgment for the plaintiff was ordered in

the sum of $1453.00, with interest, and the defendant appeals, demanding a trial de novo.

There are twelve specifications of error with three statements as to insufficiency of the evidence to sustain the findings.

Four of these assignments of error relate to the reception of evidence. One deals with the reception of a photograph of the store front. We see no harm in its reception.

Another assignment deals with a statement attributed to the architect employed by the defendant, and made after the front was installed. We think there was error in receiving it, but it certainly was error without prejudice. The court was dubious of its reception at the time, and, though admitting it, said it might strike it out later. Our attention is not called to any motion to strike it out, but in any event we assume the court did not consider it.

A third assignment is with reference to acts done by the plaintiff after the commencement of the action. It appears the plaintiff sent employees to make some "changes and corrections, to tighten things up if there were any places needing tightening, and to replace the vitrolite" damaged. Defendant insists that ordinarily anything done by the "plaintiff after the commencement of this action in an attempt to perform his contract comes too late." But the court was doubtful as to its reception and stated "I may not consider it when I come to decide the case." Whatever error there was in the reception was without prejudice. We assume the court did not consider erroneous testimony, and the memorandum opinion does not show that either of these disputed points had anything to do with the decision. In any event, as we try the case de novo, we do not consider erroneously received testimony.

The fourth assignment deals with two copies of letters mailed to the defendant by counsel for the plaintiff, and received in evidence over the objection of the defendant. They deal with offer of performance. We cannot say it was error to receive them as they have some bearing upon the good faith of the plaintiff in its attempt to remedy any defects trivial in character. The defendant sets up specifically certain claimed defects in the installation of the front. Thereafter the plaintiff filed a supplemental complaint in which it alleged that on the day

after the commencement of the action it undertook to make corrections and replacements and was prevented by the defendant; that whatever defects there were could be remedied at a cost not to exceed fifty dollars; and that it was "ready, able and willing to do and perform on the 5th day of January, 1932."

The defendant strenuously asserts that any offer to perform made by the plaintiff after the commencement of the action should be disregarded.

Where no supplemental pleadings are filed, the rights of the parties to an action must be determined by the facts existing at the time the action was commenced. Robertson v. Howard, 83 Kan. 453, 112 P. 162; 1 C. J. p. 1149. But here the character of the demand remained the same—a new and different cause of action is not stated. Thus it was proper to consider the supplemental complaint. See Luckett v. Hammond, 188 Ind. 484, 124 N. E. 675.

The plaintiff is not seeking to recover for what it did after the commencement of the action. The supplemental complaint attempts to show that even if there were no complete performance, there was such performance substantial in nature as entitled the plaintiff to recover on the original claim. Performance must be in good faith in accordance with the contract, and where the performance is not perfect, yet nevertheless is substantial, the question of good faith is involved. If it be a fact that the defects were more or less trivial, the attempt of the plaintiff to remedy them and its prevention by the defendant certainly have a bearing upon the good faith of the parties, when we consider the nature of the contract.

The main issue is one of fact. The appeal is taken under the provisions of chapter 208, Session Laws of 1933, amending § 7846 of the Supplement. Where an action properly triable to a jury is tried to the court without a jury, the appellant, if he so desires, may obtain a trial de novo in this court. This being so, this court is "required to decide the facts in this case independently of the trial court's determinations." But "the findings of the trial court, by reason of the superior advantage which he has in weighing the evidence and in determining the credibility of the witnesses are entitled to appreciable weight." Thede v. Rusch, 65 N. D. 34, 256 N. W. 409.

It appears from the memorandum decision that "At the conclusion of the testimony the Court, accompanied by the attorneys for the parties, viewed the premises involved in this action." The trial court thus had the benefit of examining the store front itself and obtained a visual knowledge of the alleged defects.

The defendant claims as showing a want of substantial compliance, that the metal transoms "are installed in a careless, slovenly and unworkmanlike manner, do not fit and must be replaced as directed by the architect . . .;" that "the metal cornice . . . was installed and constructed in such a careless, slovenly and unworkmanlike manner that water runs behind the cornice on to the wooden framework of the window, causing it to decay . . .;" that the vitrolite over the window "is chipped, broken and damaged and must be replaced;" that "the division bars in the front . . . are so carelessly and unskillfully, negligently and improperly constructed and installed that daylight, snow and dust comes and sifts through the cracks and open spaces on to the tables and fixtures installed and used in said premises, and on to the floor of said premises;" that the center panel "is so improperly . . . constructed and installed . . . that the said architect . . . directed that it be removed . . ."; that "the metal jambs . . . bulge badly; the division bars . . . are so loose and negligently installed that the plateglass rattles badly when the wind blows . . . the Vitrolite construction . . . is not installed in strict accordance with the Vitrolite company's specifications. . . ." In addition, it is alleged that the vitrolite was damaged by the use of acids at a time when the plaintiff was responsible for the work.

The trial court, because of its inspection of the building and of the store front was in an exceptionally advantageous position to determine whether these alleged facts did really exist. In the memorandum opinion the court says: "After viewing the premises, considering the testimony, and after making an examination of the authorities cited by counsel, I have arrived at the conclusion that there was a substantial performance of the contract." It is clear, therefore, that the court was not impressed to any extent by the testimony which tended to show a very serious departure from skillful work. It is not necessary to set out the conflicting testimony. There is plenty of testimony to

justify a finding that there was substantial compliance—and also evidence the other way. It is true the burden of proof is upon the plaintiff to show a substantial compliance with his contract and this term "substantial compliance" means just exactly what it says. Where a contractor agrees to install a store front in good, workmanlike, and skillful manner, he must do so unless he can show that that method was waived or excused. See Nollman & Lewis v. Evenson, 5 N. D. 344, 65 N. W. 686; Anderson & Hunter v. Todd, 8 N. D. 158, 77 N. W. 599; O. A. Braseth & Co. v. State Bank, 12 N. D. 486, 98 N. W. 79; Marchand v. Perrin, 19 N. D. 794, 124 N. W. 1112. The rule is discussed in Kasbo Constr. Co. v. Minto School Dist. 48 N. D. 423, 429, 184 N. W. 1029. See also Dinnie v. Lakota Hotel Co. 48 N. D. 657, 186 N. W. 248.

The front installed was one comparatively new in the locality and somewhat experimental. It was chosen by defendant for its beauty and attractiveness. The major portion of the contract price was for the material used. There is no claim the material furnished was not in accordance with the contract, and there is ample evidence, if believed, to show the work of installing was done in a skillful and workmanlike manner. An architect so testified. There is contrary testimony.

The contract is in writing and consists of a proposal "to furnish Kawneer type B store front construction in chromium aluminum alloy either satin or polished finish . . ."; the proposal to be in keeping with the general outline of store front as laid out by the architect. Granite was to be used for the bulkheads and piers and "It is also understood that the Vitrolite construction for the front is to be installed in strict accordance with the Vitrolite Co.'s specifications both as to material and application and to be guaranteed by them." This proposal was "accepted" by the defendant in writing.

The architect was not familiar with this type of store front and depended upon the catalogues of the Kawneer Company as furnished by the plaintiff. A Type B store front differs from other types of the company in the size and type of material used and the molding. The plaintiff furnished the Type B front. For the foundation the general contractor was required to furnish and install "the woodwork just inside the windows and the bottom of the front, which was made of

granite." It is not seriously contended that the Vitrolite Company refused to guarantee the installation, nor is it claimed that the method of installation is not in strict accordance with the Vitrolite Company's "specifications." The workmen employed the methods required; but it is claimed there was some poor workmanship in installation.

Even though a contractor is not absolutely free from fault or omission in every particular, if he has in good faith made substantial performance, the courts will enforce his rights, permitting a recoupment to the defendant. Leeds v. Little, 42 Minn. 414, 44 N. W. 309. See also Keeler v. Herr, 157 Ill. 57, 41 N. E. 750, 751; Palmer v. Meriden Britannia Co. 188 Ill. 508, 59 N. E. 247; Harrild v. Spokane School Dist. 112 Wash. 266, 192 P. 1, 2, 19 A.L.R. 811. In the case at bar there was no deviation from the general plan, the type contracted for was furnished, the material specified was used and it is quite clear from the record that whatever defects there were were of such unsubstantial character as could be cured. This would be at the expense of the contractor. See Spence v. Ham, 163 N. Y. 220, 57 N. E. 412, 413, 51 L.R.A. 238; Foeller v. Heintz, 137 Wis. 169, 118 N. W. 543, 546, 24 L.R.A.(N.S.) 327. When a contract is thus completed, the substantial performance is such that the law says the contract is performed.

In view of the trial court's examination of the premises, and the superior opportunity the court had to determine the weight to be given to the testimony of the witnesses, and in view of the nature of the testimony, we are impelled to the same conclusion as the trial court—that there was a substantial compliance with the contract, and that the allowance for the expense of remedying whatever defects were shown, as made by the trial court, is sufficient.

There is one feature which requires special notice. The record shows the general contract for the alteration and repair of the building was given to the T. F. Powers Construction Company and that the plaintiff was an independent contractor for the purpose of installing the front. It is clear from the record that the front had to be installed before the work was completed by the general contractor. It appears that while the general contractor was completing his work it was deemed necessary to use acids on brick work on the wall over the front.

In doing so some acid dripped on to a portion of the vitrolite in the front and marred it to some extent. Controversy arises between the parties as to the responsibility for the damage inflicted and the extent of the damage. There is no claim by plaintiff that the defendant was negligent in any way. The plaintiff was not a subcontractor, but rather an independent contractor. Its right to recover from the defendant accrued when it fulfilled its contract. Such substantial fulfilment as entitles the contractor to recover is fulfilment of the contract. The contract involved here is not one where the right of the contractor depended upon acceptance by a third person such as an architect etc. The alleged defects center around the method of installation. Damages to the front, occurring while the front was being installed, would ordinarily fall upon the plaintiff (Annis v. Saugy (R. I.) 74 A. 81; 3 Williston, Contr. 3338); but after substantial compliance with the contract so one can say the contract was completed, the plaintiff was entitled to its pay and any damages caused thereafter would not fall upon it.

Defendant cites Logan v. Consolidated Gas Co. 107 App. Div. 384, 95 N. Y. S. 163; but in that case the contractor agreed that his work should not be accepted until tested and that he would stand all loss until then. The work had not been tested when destroyed.

A distinction must be made between details to be completed, and recognized by the parties as such so the work is not done, and fanciful, trivial, or captious defects discovered after the contract is performed. In the former case the contract is not complete, and though the work is practically finished, nevertheless the loss would fall upon the contractor. In the latter case, however, where the contractor has completed his work (either to the extreme letter or in such a way that the law says it has been substantially performed) and tenders it so that the defendant should accept it, the loss is defendant's. There is no claim of abandonment by the plaintiff, nor any attempt on its part to sue on quantum meruit. The dispute is as to whether the work of installation was such as it can be said the work was performed in a skillful manner.

The trial court found the front was installed on or about August 15. The plaintiff did not assume risk of damage after installation. It does

appear that after the substantial compliance with the contract some acid fell on the vitrolite and thereafter the plaintiff attempted to insert a molding on the front "in an attempt to cure the defect which permitted water to run down the inside of the front." One witness testified that when the installation of the front was "practically completed", and a few days before August 27, the first of the acid fell upon the vitrolite. It is true there were some defects unremedied; but that does not say the contract was not substantially completed when tendered by the plaintiff to the defendant. So far as we know, some of these defects may exist yet; but the defendant can be compensated therefor. The court allowed one hundred dollars ($100.00), but found the acid damage occurred after the plaintiff completed its contract and the plaintiff is not chargeable with such damage. We find the situation is as found by the trial court. The contract was so completed that plaintiff could insist upon recovery and thus make the owner liable to it on the contract. In such case the subsequent damage would fall upon the defendant. After a careful review of all of the testimony the judgment of the lower court is affirmed.

BURKE, Ch. J., and NUESSLE, MORRIS and CHRISTIANSON, JJ., concur.