(February 7, 1921.)

## A. M. HOLTER, Respondent, v. S. T. HAUSER, Jr., GEORGE H. HILL and H. D. HAUSER, Respondents, and AMERICAN MINING COMPANY, LTD., a Corporation, Appellant.

[195 Pac. 628.]

DEFAULT—JUDGMENT—PARTY—DEFUNCT CORPORATION—SUCCESSOR IN INTEREST—APPEAL.

1. A default and default judgment entered on the motion of an attorney representing a corporation whose corporate charter has expired are null and void.

2. A new corporation which claims to have succeeded to the interests of a defunct corporation has no right to continue the action in the absence of an order of the court allowing it to do so.

3. An attempted appeal in the name of a defunct corporation, no order having been made allowing the new corporation to continue the action, confers no jurisdiction on this court, and should be dismissed on the court's own motion.

APPEAL from the District Court of the Seventh Judicial District, for Adams County. Hon. Ed. L. Bryan, Judge.

Action for partition of real estate. Appeal from an order setting aside defaults and interlocutory decree. Dismissed.

Frank Harris, for Appellant.

An action for the partition of property is an action purely *in rem,* and under well-known general principles of law, as well as the provisions of the Idaho statute, does not abate upon the death or disability of a party. (*Kelly v. Rochelle* (Tex. Civ.), 93 S. W. 164.)

---

1. Power of corporation after dissolution to prosecute pending or new suit, see note in 17 Ann. Cas. 225.

Where a new corporation is organized to take over the assets of a defunct corporation and does so take them over, no suit pending by or against the old corporation is abated by its dissolution. (*Jones v. Francis*, 70 Wash. 676, 127 Pac. 307.)

B. S. Varian and Wood & Driscoll, for Respondents.

The defaults and decree were void in that they were made without the existence of cross-complainant, or other party capable of applying for or receiving defaults or decree.

The defunct corporation could not act, because on October 1, 1910, it had ceased to be a legal entity. Neither the trustees for the extinct corporation nor the new corporation had been made party to the suit; they were and are each strangers to the proceedings. Orders made upon such application are void, and may be vacated by the court at any time. (*Kerns v. Morgan*, 11 Ida. 572, 83 Pac. 954.)

McCARTHY, J.—February 20, 1902, A. M. Holter filed his amended complaint in an action for partition of real estate. July 9, 1903, defendant American Mining Company, Ltd., a Montana corporation, filed its answer and two cross-complaints against plaintiff Holter and defendants S. T. Hauser and Massena Bullard, trustees. June 22, 1904, the attorneys for the American Mining Company, Ltd., and W. E. Borah, attorney for Holter, stipulated in writing that the plaintiff Holter and the defendants Hauser and Bullard, trustees, might plead to said cross-complaints at any time within thirty days after defendant and cross-complainant American Mining Company, Ltd., should serve upon them a written notice requiring them to do so, and that no default should be entered against them until after the expiration of thirty days from the date of such notice. The trial court evidently found that no such notice had been served, and that finding is supported by the showing. This stipulation was not filed until November 1, 1915, having been found in the papers of Massena Bullard after his death. Negotiations for the sale of the property which would obviate the

necessity of a partition were being carried on all these years, and it appears that entering into the stipulation of June 22, 1904, was quite as much to the advantage of the cross-complainant American Mining Company, Ltd., as of any of the other parties. No answer to the cross-complaints was filed by the plaintiff Holter or by the defendants Hauser or Bullard. The defendant and cross-complainant American Mining Company, Ltd., ceased to exist by operation of law, through the expiration of its charter, on October 1, 1910. On October 3, 1910, three directors of the defunct corporation organized a second corporation under the Montana laws bearing the same name. August 31, 1911, there was filed with the county recorder of Adams county, Idaho, an instrument signed by these three persons, as trustees and stockholders of the old corporation, purporting to convey to the new corporation the interests of the defunct corporation and their interests in the property involved in the litigation. On February 4, 1913, Frank Harris, Esq., of the firm of Harris & Smith, purporting to represent the defunct corporation, caused the case to be transferred to Adams county, and on the same day, in the same capacity, moved the district court of Adams county to enter defaults of the plaintiff Holter and defendants Hauser and Bullard for failure to answer the cross-complaints of the defunct corporation, and the motion was granted. Mr. Harris or his firm had never been entered as attorneys for the defunct corporation during its existence. On September 22, 1915, on motion of Mr. Harris, representing the defunct corporation, the court entered an interlocutory decree by default on the cross-complaints in favor of the defunct corporation and against plaintiff Holter and cross-defendants Hauser and Bullard, the latter two having died in the meantime. No substitution of the new corporation for the defunct corporation, or of the directors of the defunct corporation as its trustees, or of the personal representatives of Hauser or Bullard, was attempted.

On November 1, 1915, within forty days after entry of the interlocutory decree, the respondents Holter, S. T.

Hauser, Jr., George H. Hill and H. D. Hauser, moved the court to set aside the decree and defaults and permit them to file answers to the cross-complaints, and, with the motion and affidavits in support thereof, filed the stipulation of June 22, 1904. Respondents S. T. Hauser, Jr., George H. Hill and H. G. Hauser are the lawful executors of the will of S. T. Hauser, deceased, and the interest of Massena Bullard had passed to them as such executors. April 15, 1916, after a hearing, the district court made an order setting aside the defaults and interlocutory decree, and permitting these respondents to answer the cross-complaints. From this order an appeal is taken to this court in the name of the American Mining Company, Ltd.

It does not appear that there has ever been a substitution of the new corporation or of the trustees of the old corporation. On the hearing Edwin Snow, Esq., appeared, stating that he appeared for the successor in interest of the old American Mining Company, Ltd., meaning evidently the new corporation. His name is signed to the notice of appeal with that of Harris & Smith but is not on the briefs.

The American Mining Company, Ltd., which was defendant and cross-complainant, was defunct when the motion for default was made in its name and granted, and when the motion for interlocutory decree was made in its name and granted. There has never been a substitution of its directors as trustees, nor of the new corporation which claims to have succeeded to its interests. C. S., sec. 6652, provides as follows:

"An action or proceeding does not abate by the death or any disability of a party, or by the transfer of any interest therein, if the cause of action or proceeding survive or continue. In case of the death or any disability of a party, the court, on motion, may allow the action or proceeding to be continued by or against his representative or successor in interest. . . . ."

Appellant's counsel claims that under this section the action could continue in the name of the defunct corporation and for the benefit of the new corporation without a sub-

stitution. But the statute does not say so. It says an action does not abate if the cause of action survives. This does not mean that another party who claims to be the successor of the deceased or disabled party can invoke further action on the part of the court without a substitution. On the contrary, the statute says the court on motion may allow the action to be continued by or against a representative or successor in interest. No motion or order was made invoking this power of the court. No order has ever been made permitting the new corporation to continue the action as the representative of the defunct one. On the contrary, Mr. Harris assumed to represent the defunct corporation which had no standing before the court or in law. For these reasons the order entering the defaults, and the interlocutory judgment, were both null and void.

Since the original corporation is defunct, and no order of the court has ever been made allowing the action to be continued by the new corporation which claims to have succeeded to its interests, there is no party before the court competent to take an appeal. The attempted appeal in the name of the original corporation does not confer jurisdiction on this court.

The appeal should therefore be dismissed on the court's own motion, and it is so ordered. Costs awarded to respondents.

Rice, C. J., and Budge, Dunn and Lee, JJ., concur.