(March 5, 1924.)

## NATHAN HAYHURST, Respondent, v. BOYD HOSPITAL, a Corporation, Appellant.

[224 Pac. 78.]

ACTION AGAINST CORPORATION—FORFEITURE OF CHARTER—PROSECUTION TO JUDGMENT.

If a corporation's charter is forfeited during the pendency of an action against it, the action does not abate, but may be prosecuted to final judgment without substitution. (C. S., sec. 4791.)

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County.

Motion for substitution of parties appellant. *Denied.*

Bothwell & Chapman, for Respondent.

The judgment obtained in this case is valid. A substitution is permissible. (*Lowe v. Superior Court,* 165 Cal. 708, 134 Pac. 190; *Brandon v. Umpqua Lumber & Timber Co.,* 166 Cal. 322, 136 Pac. 62; *Kehrlein-Swinerton Const. Co. v. Rapken,* 30 Cal. App. 11, 156 Pac. 972; *Slayden v. O'Dea,* 182 Cal. 500, 189 Pac. 1062; *Rowe v. Stevens,* 25 Ida. 237, 137 Pac. 159.)

Substitution is permissible under our practice as indicated in the recent decision of *Holter v. Hauser,* 33 Ida. 406, 195 Pac. 628.

Walters & Parry, for Appellant.

Respondent's judgment is void, and since substitution is attempted to correct a judicial error it cannot be allowed.

"The effect of the dissolution of a corporation is to terminate its existence as a legal entity, and render it incapable of suing or being sued." (*Crossman v. Vivienda Water Co.,* 150 Cal. 575, 89 Pac. 335; *Newhall v. Western Zinc Mining Co.,* 164 Cal. 380, 128 Pac. 1040.)

"The effect of a forfeiture of the charter of a corporation, whether from nonpayment of its corporation license

tax or for other cause, is to terminate its existence as a legal entity, and a judgment against it in a suit thereafter brought is a mere nullity; any attempted appearance for it conferring no jurisdiction." (*Slayden v. O'Dea*, 182 Cal. 500, 189 Pac. 1062; *Nezik v. Cole*, 43 Cal. App. 130, 184 Pac. 523; *Sharp v. Eagle Lumber Co.*, 60 Cal. App. 386, 212 Pac. 933.)

McCARTHY, C. J.—Respondent brought its action against appellant on October 21, 1918, when the latter was a corporation incorporated and existing under the laws of the state of Idaho, and obtained judgment on December 22, 1922. The appeal was perfected March 20, 1923. Respondent now moves in this court that T. O. Boyd, T. O. Boyd, Jr., Lydia Boyd McGinn and Mary Mitchell be substituted as the parties appellant in lieu of the Boyd Hospital. This motion is made upon a showing that the corporation forfeited its charter on November 30, 1921, and the individuals mentioned became its trustees by reason of the fact that they were its directors.

Counsel who appeared for the Boyd Hospital, a corporation, in the lower court and perfected this appeal in its behalf resist the motion.

C. S., sec. 4791, provides as follows:

"No action pending against any corporation, at the time of such forfeiture, shall abate thereby, but may be prosecuted to final jud'gment, and the same may be enforced by execution with the same force and effect, and in like manner as though no forfeiture had occurred."

This refers to the forfeiture of a corporate charter. Under the above section the action did not abate, but properly proceeded to judgment. There was no need of a substitution in the district court, and there is no need of one here.

In *Holter v. Hauser*, 33 Ida. 406, 195 Pac. 628, cited by respondent, we passed upon a case where it was contended that after a plaintiff corporation had become defunct it could, under C. S., sec. 6652, proceed to obtain

judgment on behalf of a new corporation which had succeeded to its rights. We held that this could not be done. The case is not in point here.

The motion for substitution is denied.

Budge and William A. Lee, JJ., concur.