## LUSK LUMBER CO. v. INDEPENDENT PRODUCERS' CONSOLIDATED et al.*

(No. 1235; Feb. 8, 1927; 252 Pac. 1029.)

PLEADING—PETITION FAILING TO STATE PERFORMANCE OF CONTRACT, NOT CURED BY OTHER ALLEGATIONS—NOR BY VERDICT FOR PLAINTIFF.

1. In action on contract for sale, removal, and reconstruction of oil well drilling rig, petition, defective for failure to state facts showing substantial performance *held* not cured by averments that disapproval of work was not founded upon default, neglect, or omission by plaintiff in complying with provisions of contract or upon any failure to furnish proper appliances, labor, or materials in erection of work.

2. Failure to allege facts showing performance of contract for sale, removal, and reconstruction of oil well drilling rig *held* not cured by verdict in favor of one erecting rig, jury having acted with erroneous instruction as to recovery for substantial performance which might have permitted their returning of verdict without finding fact of performance.

*See Headnotes:   (1) 31 Cyc. p. 58 n. 45.   (2) 31 Cyc. p. 771 n. 51.

APPEAL from District Court, Natrona County; C. O. BROWN, Judge.

On petition for rehearing.   See 249 Pac. 790.

*James P. Kem* and *Kinkead & Ellery,* for the petition.

*A. C. Allen* and *O. N. Gibson,* for appellants.

*M. C. Burk,* for receiver of First State Bank of Riverton.

KIMBALL, Justice.

The respondent applies for a rehearing. It is again argued that the petition sufficiently alleges performance of the contract. Our attention is called to some allegations that were not mentioned in our former opinion. In

alleging in the petition that Mr. Myrin's approval of the work was wrongfully and unreasonably withheld, it was stated that his failure to approve the work was not due to any default, neglect or omission on the part of the plaintiff, or to any failure or refusal of plaintiff to comply with the provisions of the contract, or any failure on the part of the plaintiff to furnish proper appliances, labor or materials in the erection of the work. In our former opinion, 249 Pac. 790, we quoted, at page 791, the allegations which, as stated in respondent's brief, had reference to performance of the contract. While we had not overlooked the statements now called to our atenttion, we thought in our discussion we might safely base our opinion as to the sufficiency of the petition on those allegations which counsel for respondent in his brief relied upon. In the circumstances we do not feel that, on an application for rehearing, we are called upon to discuss the averments in regard to Mr. Myrin's failure to approve the work. We merely state our conclusion that those averments do not aid the petition on the matter in question, and continue of the opinion that the demurrer should have been sustained for the reasons heretofore given.

There is another matter that gives us more concern. Counsel for respondent seem to think that we have based our decision on very technical grounds, and that we have overlooked a principle heretofore approved by this court. Lest others may take the same view we make a brief explanation.

The principle which it is claimed we overlooked, and failed to apply, is that stated in Grover Irr. Co. v. Lovella Ditch Co., 21 Wyo. 204, 229, 131 p. 43, 48, (L. R. A. 1916 C. 1275, Ann. Cas. 1915 D, 1207) that certain defects in a pleading may be cured by verdict. In that case, after stating that a defect in a pleading, even as to matter of substance, may be aided or cured by the pleading of the adverse party, it was said, among other things, that:

"And the defect might be aided or cured by the verdict, that is to say, by intendment after verdict, the doctrine in that respect being that where a defect in a pleading would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection or omission is cured by the verdict; but the thing presumed to have been proved must be such as can be implied from the allegation, by fair and reasonable intendment.''

We do not believe that our decision in this case goes contrary to what was said in Grover Irr. Co. v. Lovella Ditch Co., or to any of the principles followed by the courts for the purpose of upholding defective pleadings after a trial and judgment. Had we been satisfied that the judgment should be reversed merely because of the error in overruling the demurrer to the petition, we would have saved ourselves much labor in consideration of the case. We had before us not only the petition and verdict, but also the evidence and instructions of the court. We looked to all the proceedings to see whether we could say that the error in overruling the demurrer was harmless. The petition was defective in failing to allege the fact of performance. If, from our examination of the evidence and the instructions of the court, we could have said that the jury found the fact of performance, we might have held that the error in overruling the demurrer was harmless, or that the verdict and judgment cured the defect. We were of opinion that the jury, having before them instruction No. 7 which we discussed at some length, may have returned their verdict for plaintiff without finding that fact.

*Rehearing Denied.*

Blume, Ch. J., and Potter, J., concur.