## LUSK LUMBER CO. v. INDEPENDENT PRODUCERS CONSOL., ET AL.
(No. 1692; June 2, 1931; 299 Pac. 1044)

For the appellant there was a brief by *Ellery & Spencer* and oral argument by *Mr. C. R. Ellery,* of Cheyenne, Wyoming.

For the respondents, there was a brief by *O. N. Gibson*, of Riverton, Wyoming.

RINER, Justice.

This case again comes to this court by direct appeal. Its disposition on its first appearance is reported in Lusk Lumber Co. v. Independent Producers Consolidated, et al., 35 Wyo. 381, 249 Pac. 790, 36 Wyo. 34, 252 Pac. 1029, and there the facts involved in the litigation on its merits are fully detailed. It will be unnecessary to repeat them here, as we are now concerned with what occurred subsequent to the return of the case to the District Court and matters which, as it happens, do not concern the merits.

Pursuant to the mandate of this court, leave was given the plaintiff to file an amended petition, which was done June 7, 1927. On August 5, following, there was filed in the case by the former attorney for the Independent Producers Consolidated, a suggestion to the court "that since the former trial of this cause the said corporation has been dissolved and no one since is authorized to file a pleading or enter an appearance on its behalf."

After a motion to strike and to make more definite plaintiff's amended petition had been filed by O. E. Macy, Receiver of the First State Bank of Riverton, Wyoming, and had been ruled on by the trial court, upon leave given, plaintiff, on May 19, 1930, filed its second amended petition. The same date plaintiff also filed a motion for judgment against the Independent Producers Consolidated, based on its failure over a period of more than two years to answer or otherwise plead to plaintiff's amended petition. June 6, 1930, the defendant receiver filed his verified motion to strike the cause from the docket, for the reason that:

"The Defendant Independent Producers Consolidated was, at the time of the former trial of this cause, a corporation duly organized and existing under and by virtue of the laws of the State of Wyoming. Since the date of said trial, and prior to August 5, 1927, the said corporation was dissolved. The dissolution thereof was called to the attention of this court by a written suggestion filed in this cause on August 5, 1927. More than one year having elapsed since the dissolution of said corporation, this Defendant moves that pursuant to Sec. 5759, Compiled Statutes of Wyoming, 1920, the above entitled cause be stricken from the docket."

Plaintiff interposed, on September 4, 1930, a written "Resistance" to said motion. Subsequently and on the 10th of the month last mentioned, the receiver's motion came on for hearing, and the District Court made an order which, after reciting the several appearances of the parties by their counsel and the reception of evidence in support of the motion, found:

"That on July 19, 1927, the corporate franchise of defendant Independent Producers Consolidated was cancelled by the State of Wyoming, and that since said date its corporate powers have ceased.
"WHEREFORE IT IS ORDERED, ADJUDGED AND DECREED that said Motion be and the same hereby is sustained and said cause is hereby stricken from the docket;

costs herein to be taxed in the sum of $----------------------------- against the plaintiff.''

To this action of the trial court plaintiff reserved its exception, it has served its notice of appeal and has brought the record and this order in the case here for review, as previously indicated.

It seems to be a conceded fact in the case that the defendant Independent Producers Consolidated, on July 19, 1927, suffered a forfeiture of its charter for failure to pay the annual corporation license tax and file the annual statement, as required by Chapter 117, Laws of 1925—somewhat over a month after the amended petition of the plaintiff was on file in the case. The statute last mentioned, after detailing the procedure to be followed by the state officials in order to accomplish the forfeiture of a derelict corporation's charter, provides: ''Any person or persons who shall exercise or attempt to exercise any powers for or on behalf of any corporation named in such proclamation after the publication of such proclamation and the filing of proof thereof in the office of the Secretary of State shall be deemed guilty of a misdemeanor'' (Section 2) and punished as the law directs.

The view of the trial court which led to the making of the order before us and the contention which is urged here, seem to be as follows:

It being well settled that at common law a corporation which has been dissolved implies its utter extinction, the result of the dissolution can not be distinguished from the death of a natural person in its effect. Oklahoma Natural Gas Co. v. State of Oklahoma, 273 U. S. 257, 47 Sup. Ct. Rep. 391, 392, 71 L. Ed. 634, and cases cited. When the dissolution of the defendant Independent Producers Consolidated occurred, as above related, the action instituted by plaintiff became subject to the provisions of Article IV of Chapter 361, W. C. S. 1920—(Secs. 5747-5763) our law generally governing revivor of actions. The particular sec-

tions of that law thus invoked are, Section 5747, which declares that: "Except as otherwise provided, no action or proceeding in any court shall abate by the death of either or both of the parties thereto except" certain named actions of which the case at bar is not one; Section 5750, which provides:

"When one of the parties to an action dies or his powers as a personal representative cease before judgment, if the right of action survives in favor of or against his representatives or successor, the action may be revived and proceed in the name of such representatives or successor."

Section 5759, reading:

"An order to revive an action against the representative or successor of a defendant shall not be made without the consent of such representative or successor, unless within one year from the time it could have been first made."

And Sections 5760 and 5761, in general directing that the order of revivor may be made forthwith, but shall not be made without defendant's consent after the expiration of one year from the time the order might have first been made, and that when it appears by affidavit that the powers of a litigant personal representative have ceased or that either party to an action has been dead, "for a period so long that the action cannot be revived in the name of his representatives or successors, without the consent of both parties, the court shall order the action to be stricken from the docket." As more than one year had elapsed since the dissolution of the Independent Producers Consolidated without the action being revived as directed by these sections, the District Court was right—it is argued—in making the order questioned here.

For the plaintiff and appellant the contention is that the matter is controlled by the specific provisions of Chapter 349, W. C. S. 1920, (Sections 5436-5445) which is a part of our state law relating to corporations, and deals solely

with the general subject of their dissolution and the consequences flowing therefrom. The sections of that chapter relied upon are particularly Section 5443, which provides:

"No suit or action whereto any corporation is or may be a party, shall abate by reason of the dissolution of such corporation by expiration of its charter of incorporation or otherwise; but the trustees or directors of such corporation, acting as trustees to the stockholders and creditors after the dissolution as herein provided, or the survivors of them, or the trustee or trustees, receiver or receivers, appointed by the decree of any court of competent jurisdiction, may prosecute or defend such suit or action in the name of the corporation dissolved, notwithstanding the dissolution."

And Section 5444, enacting that:

"Any corporation dissolved may, notwithstanding such dissolution, prosecute an action at law in the corporate name, for the use of the person entitled to receive the proceeds of such suit, upon any cause of action accrued, or which, but for such dissolution, would have accrued to such corporation and in the same manner, and with like effect as if such corporation were not dissolved."

It is insisted that the plain language of these sections sanctions the continuance of the pending action against the Independent Producers Consolidated in the name of the latter, notwithstanding the fact of its dissolution during such pendency.

Our law regarding revivor of actions appears to have been borrowed, in large measure, from the legislation of Ohio and came with our civil code enacted in 1869. Section 5443, supra, dealing with pending suits by and against corporations which may become dissolved, while in many respects resembling a similar provision touching the same subject matter in the statutes of Ohio (Act of March 10, 1843, § 175, c. 29, Statutes of Ohio 1854; Revised Statutes of Ohio, 1880, § 5679; 2 Page's Annotated Ohio General Code, § 11964), is not exactly the same in phraseology,

though in effect it would seem practically identical. It is interesting to note, however, that Section 3 of Article IV of Chapter XVIII of the Revised Statutes of Colorado 1868, presents the language of Section 5443, supra, almost verbatim. The same article, in the early legislation of Colorado, contains sections to all intents and purposes identical with all of the sections appearing in Chapter 349, supra, of our Compiled Statutes 1920, with the exception of Sections 5439, 5440, and 5445. Section 3 aforesaid, does not appear to have been construed by the courts of Colorado before it was superseded by subsequent legislation.

It is quite apparent that it will be of material aid to review briefly some decisions of courts in states where statutes resembling Section 5443, supra, exist, in conjunction with provisions for the revivor of actions of like tenor with the sections of Article IV of Chapter 361, referred to above and where the question of procedure we are considering has arisen.

In practically all of the states of the Union, statutes have been passed which, in effect, for a limited time at least, after dissolution of a corporation, abrogated the common law rule hereinbefore mentioned. This result is accomplished in several ways, chiefly among which are (1) those legislative enactments which continue the existence of a corporation for a certain time—usually two or three years—after dissolution, from whatever cause, for the purpose of prosecuting and defending actions, and (2) those which expressly and by necessary implication prevent the abatement of pending actions in behalf of or against corporations when dissolution results from expiration of their charter or otherwise (47 A. L. R. 1397, et seq. extended note). We are here concerned with statutes of the class last described.

In the state of Idaho, the statute relating to abatement of actions upon the death of a party and the substitution of successors in interest, (C. S. 6652) reads:

"An action or proceeding does not abate by the death or any disability of a party, or by the transfer of any interest therein, if the cause of action or proceeding survive or continue. In case of the death or any disability of a party, the court, on motion, may allow the action or proceeding to be continued by or against his representative or successor in interest. In case of any other transfer of interest the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding."

In Hayhurst v. Boyd Hospital, 38 Idaho 633, 224 Pac. 78, it appeared that the respondent, on October 21, 1918, brought an action against appellant, an Idaho corporation, and obtained a judgment against it December 22, 1922, from which an appeal was taken March 20, 1923. Respondent moved in the appellate court to have the individuals who became its trustees upon its dissolution, inasmuch as they were then the directors of the corporation (compare our § 5441, W. C. S. 1920), substituted as the parties appellant in lieu of the corporation Boyd Hospital. This motion was based upon a showing that that corporation had forfeited its charter on November 30, 1921. Denying the motion for substitution, the court said:

"Counsel who appeared for the Boyd Hospital, a corporation, in the lower court, and perfected this appeal in its behalf, resist the motion  "C. S. § 4791, provides as follows:
" 'Sec. 4791. No action pending against any corporation, at the time of such forfeiture, shall abate thereby, but may be prosecuted to final judgment, and the same may be enforced by execution with the same force and effect, and in like manner as though no forfeiture had occurred.'
"This refers to the forfeiture of a corporate charter. Under the above section the action did not abate, but properly proceeded to judgment. There was no need of a substitution in the District Court, and there is no need of one here."

Relative to the case of Holter v. Hauser, 33 Idaho 406, 195 Pac. 628—a case apparently relied upon by respondent here as also in the Boyd Hospital case—the court further stated that there ''we passed upon a case where it was contended that after a plaintiff corporation had become defunct it could, under C. S. § 6652, proceed to obtain a judgment on behalf of a new corporation which had succeeded in its rights. We held that this could not be done. The case is not in point here.''

Section 385 of the Code of Civil Procedure of California, so far as material here, provided that:

''An action or proceeding does not abate by the death, or any disability of a party, * * * if the cause of action survive or continue. In case of the death or any disability of a party, the court, on motion, may allow the action or proceeding to be continued by or against his representative or successor in interest.''

In Lowe v. Superior Court, 165 Cal. 714, 134 Pac. 190, 192, it appeared that plaintiff's action was commenced against a corporation defendant on December 3, 1906. On November 30, 1907, and while the action was pending, for failure to pay the corporation license tax the charter of the defendant corporation was forfeited. Though this dissolution was suggested to the trial court, it, nevertheless, on April 9, 1912, entered judgment against the corporation. Thereupon an original proceeding in prohibition was instituted in the Supreme Court of California to restrain respondents from further proceedings thereunder, the claim of the petitioners being that said judgment was void as to the corporation because of forfetiure of its charter, as related above. Vacating the alternative writ issued and dismissing the proceeding, the appellate court, after reviewing earlier cases dealing with similar questions, before a change in the law of the state took place, then said:

''By act approved March 20, 1907 (Stats. 1907, p. 745), this section was amended by the addition of a proviso which

reads as follows: 'Provided always that no action pending against any corporation shall abate thereby, but may be prosecuted to a final judgment the same may be enforced by execution with the same force and effect and in like manner as though no forfeiture had occurred,' and also by the addition of another proviso which is immaterial here.

"It will be observed that the proviso quoted above contains no provision similar to that contained in Section 385, Code of Civil Procedure, relating to the necessity of substitution of any representative or successor in interest of the corporation. This omission is significant. The cases relied upon by learned counsel for petitioners, to the point that statutes like our Section 385, Code of Civil Procedure, do not authorize the continuance of an action against a corporation in its corporate name after the corporation has been dissolved, are to be considered in connection with the fact that the statute providing that there shall be no abatement expressly requires substitution of the representative or successor in interest, and thus practically, while expressly permitting a continuance of the action, prescribes a condition upon which it may be so continued. Here we have no such condition expressed, but simply a provision that the action shall not abate, but may be prosecuted to final judgment. We are of the opinion that Section 10a of the act, as amended by the addition of the proviso, should be construed as providing that any action included within the meaning of the proviso shall not abate by reason of the forfeiture, but may be continued and prosecuted in its corporate name to final judgment, the control and management of the action so far as the corporation interests are concerned being in the directors or managers in office at the time of the forfeiture; they being the trustees of the corporation and stockholders or members. While doubtless they may properly be substituted as parties defendant, such substitution is not essential to a continuance of the action, as we read the statute."

A like result was reached in Slayden v. O'Dea, 189 Pac. (Cal. App.) 1062, where a somewhat similar question was involved.

In the Code of Civil Procedure of Nebraska there appeared general provisions of law relating to revivor of actions substantially identical with Sections 5756, 5760 and

5761, of Chapter 361, W. C. S. 1920, to which reference has above been made. The Nebraska law touching corporations contained one section declaring that:

"No suit or action, either at law or in chancery, pending in any court in favor of or against any banking or other corporation, shall be discontinued or abated by the dissolution of such corporation, whether such dissolution occurred by the expiration of its charter or otherwise; but all such suits or actions may in all courts of justice, be prosecuted by the creditors, assigns, receivers, or trustees, having the legal charge of the assets of such dissolved corporation to final judgment or decree, in the corporate name of such dissolved corporation."

And also another resembling quite closely in phraseology § 5444, W. C. S. 1920, cited above. With this legal background the case of Schmidt & Bros. Co. v. Mahoney, 60 Neb. 20, 82 N. W. 99, 100, arose. The plaintiff, an Ohio corporation, being unsuccessful in the lower court, prosecuted error proceedings. The defendant filed a plea in abatement in the appellate court, setting up that the plaintiff, an Ohio corporation, was dissolved and that such dissolution had existed for more than two years. Relying on the general revivor statutes aforesaid, it was urged in behalf of the plea that the plaintiff having ceased to exist as a corporation more than a year since, there could be no revivor without the defendant's consent and the action should be stricken from the docket. Referring to this contention and to the sections of the revivor law recited above, the court said:

"If there were no other statutory provisions in this state on the subject,—other than those to which reference has already been made,—we would incline to the position that the action should have been revived and prosecuted by the stockholders of the plaintiff corporation within the period designated in Section 466 of said Code, and that a revivor could not be had after that time without the consent of the defendant."

Turning then to the legal provisions regarding corporations, also cited supra, and indulging the presumption that the law of Ohio was the same as the Nebraska law, the court then remarked:

"This legislation confers ample authority upon every dissolved corporation to prosecute suits in its corporate name as though the corporation had never been dissolved. The purpose and object of the sections were to save every corporate right and power to defunct corporations, that the interests of its former stockholders as well as those of its creditors might be preserved; and the sections in question, being special provisions in regard to a particular subject, control any and all general powers. This is a familiar rule. State v. Cornell, 54 Neb. 72, 74 N. W. 432. * * * Therefore the plaintiff, though dissolved, had the right to maintain this action, had it been brought in the state in which it received its corporate existence. And we have no legislative enactment which forbids a dissolved foreign corporation from suing in the courts of this state. By comity existing between the states, corporations of one state are permitted to transact business in another state; and it has been held that comity of suit, as well as comity of contract, exists in the several states, unless denied by statute. Bank v. Earle, 13 Pet. 519, 10 L. Ed. 274. We are constrained to hold that the suit is properly prosecuted in the name of the dissolved corporation, and that the plea in abatement is not well taken."

In Ohio, whence, as already indicated, this state borrowed its general legislation for revivor of actions, the law akin to our Section 5443, supra, dealing with pending litigation wherein a corporation is a party, which body during such pendency becomes dissolved, in Section 5679 of Volume II, Revised Statutes of Ohio 1880, reads:

"No action pending in any court in favor of or against any corporation shall be discontinued or abate by the dissolution of the corporation, whether the dissolution occur by the expiration of its charter or otherwise; but all such actions may be prosecuted to final judgment by the creditors, assignees, receivers, or trustees having the legal charge of the assets of the corporation, in its corporate name."

This statute appears to have been enacted in 1843, and in substantially the same form is incorporated at present as Section 11964 in 2 Page's Ohio General Code. In Lake Superior Iron Co. v. Brown, Bonnell & Co., 44 Fed. 539, 540, exceptions taken to a master's report of sale were before the court for consideration. One of these exceptions, of interest in connection with the question now at bar, was disposed of in the opinion in part by this language:

"The ninth and last exception is:
" 'That this action abated on the dissolution of such corporation by judicial decree, and said Taylor, the receiver, who now, under the statute, is vested with the title to all the corporate assets, has not been made a party to this suit in any way.'
"Postponing, for the time, a consideration of the question whether in an equity suit of this character, after a final decree adjusting all the rights of the parties, a dissolution of a defendant corporation, independent of any statutory provision, would make a revivor necessary, we pass to the consideration of the Ohio statutes prescribing the procedure to dissolve a corporation created by authority of the state. After a careful examination of the several sections of the statute on this subject, it seems clear that this legislation fully saves and excepts from the general effects of dissolution all rights of parties in suits 'pending in any court in favor of or against any corporation' and specially provides that no such action 'shall be discontinued or abate by the dissolution of the corporation, whether the dissolution occur by the expiration of its charter or otherwise; but all such actions may be prosecuted to final judgment by the creditors, assignees, receivers, or trustees, having the legal charge of the assets of the corporation, in its corporate name.' * * *
"The provisions of the statute quoted make it plain that, after final decree of dissolution in the state court, these proceedings could still have been prosecuted against the defunct corporation in its corporate name, and without revivor, as was done in this case."

This decision, concurred in by two judges, was subsequently affirmed by the Supreme Court of the United

States—The Leadville Coal Co. v. McCreery, 141 U. S. 475, 12 Sup. Ct. Rep. 28, 35 L. Ed. 824.

The Code of Civil Procedure of Oklahoma, adopted from the state of Kansas and doubtless taken originally from Ohio's legislation, provided that a pending action which survives may be proceeded with by revivor thereof in the name of the representative or successor of the deceased party litigant; that the order of revivor shall not be made after one year from the date of death, except upon the consent of the adverse party, and that if the action is not revived, it shall be dismissed. The Oklahoma law relative to dissolution of corporations contained also the following provision (§ 5361, C. O. S. 1921):

"Unless other persons are appointed by the court, the directors or managers of the affairs of such corporation at the time of its dissolution are trustees of the creditors and stockholders or members of the corporation dissolved, and have full power to settle the affairs of the corporation, and to collect and pay debts and divide among the stockholders the property which remains after the payment of debts and necessary expenses; and for such purposes may maintain or defend actions in their own names by the style of the trustees of such corporation dissolved, naming it; and no action whereto any such corporation is a party shall abate by reason of such dissolution."

These several statutes were under consideration by the court in Oklahoma Natural Gas Co. v. McFarland, 143 Okla. 252, 288 Pac. 468, 473. There the company filed suit against McFarland, recovered a judgment, which was reversed by the appellate court on September 23, 1924, and the cause was remanded for a new trial. Thereafter defendant filed a plea in abatement, directing the attention of the trial court to the fact that the plaintiff had been, on September 22, 1926, dissolved by decree of court, and that as the time in which application might be made for the revivor of the action had elapsed, therefore the right to revive the same was barred by statute. This plea was sus-

tained and the action dismissed. After reviewing the aforesaid sections of the Oklahoma statutes regarding revivor of actions, in the light of decisions from the courts of other states where similar provisions of law prevail, the court, in reversing the action of the trial court in dismissing plaintiff's action, said:

"It is clear that these cases applied the rule that: 'Where there are two provisions of the statute, one of which is special and particular and clearly includes the matter in controversy, and where the special statute covering the subject prescribes different rules and procedure from those in the general statute, it will be held that the special statute applies to the subject-matter, and that the general statute does not apply.' The rule is not without recognition in this jurisdiction. Gardner v. School Dist. No. 87, Kay County, 34 Okl. 716, 126 Pac. 1018; Muskogee Times-Democrat v. Board of Com'rs. of Muskogee County, 76 Okl. 188, 184 Pac. 591; Murrow Indian Orphans' Home v. Featherstone, 85 Okl. 150, 204 Pac. 1110. As Section 5361 contains no express terms which fixes its interdependency in application upon other provisions of law, and clearly indicates that a pending action shall not abate in the sense that it shall be suspended and subject to revival under our general law of abatement and revival, we think the above rule to be here controlling.

"We are of the opinion therefore that by virtue of Section 5361, C. O. S. 1921, a pending action, to which a corporation is a party litigant, does not abate upon the dissolution of the corporation in the sense that continuance thereof requires revival under the provisions of our Code of Civil Procedure, but may be continued and prosecuted to final adjudication in the corporate name, with the board of directors or managers constituting the trustees of the corporation, unless other persons shall be appointed, with the power of management of such litigation to finality. The court therefore erred in sustaining defendant's plea in abatement."

Mentioned in the opinion in the foregoing case is the decision in Oklahoma Natural Gas Co. v. State of Oklahoma, supra, where Section 5361, C. O. S. 1921, aforesaid was

before the national court of last resort. That case also arose out of the Oklahoma Natural Gas Company's dissolution, and, while pending in the court last mentioned, the plaintiff, its successor and the defendant, all joined in motions to substitute the name of the successor for that of the plaintiff. These were filed within the period fixed by the Oklahoma statutes relating to revivor of actions. Declining to allow the motions upon the showing then made, Mr. Chief Justice Taft said relative to the aforesaid Section 5361:

"We have found no Oklahoma case that construes this provision with reference to the question now before the court. The language of the section would seem to indicate that as there is to be no abatement the Oklahoma Natural Gas Company for litigating purposes is still in being and continues to be a party before this court."

In the light of these authorities, we think we may well reach the conclusion that under § 5443, W. C. S. 1920, there was no abatement of the pending action against the Independent Producers Consolidated, notwithstanding the forfeiture of its charter, and that the action might properly proceed "in the name of the corporation dissolved," and that our general law governing revivor of actions is not controlling here. Indeed, that this was the intention of the legislature is reasonably clear for several additional reasons. First, because it appears that both the chapter relating to revivor of actions and that relating to the dissolution of corporations came into our statutes on the same day—December 10, 1869. If the legislature had thought that the general law of revivor applied to corporations upon dissolution, it is difficult to see why that body should have gone to the additional trouble of enacting at the same time further provisions of law purporting to deal solely with corporations dissolved after litigation pending. Secondly, § 5437 of Chapter 349 aforesaid declares that:

"No execution shall issue upon judgments at law, rendered against any corporation, subsequent to the dissolution of such corporation, but the same, with the costs thereof, shall be paid by the trustees as other debts."

This indicates, as we think, the evident purpose of the legislature to permit a judgment against a dissolved corporation, and when obtained, without execution, to require simply its presentation to the trustees of the dissolved corporate body to take its place with and be paid by them as other debts.

It may be said further, that we are not inclined to complicate legal procedure by judicial construction. It is quite intricate enough as it is. In our judgment it will be far simpler for litigants in cases of the character now under consideration to obey the provisions of § 5443, supra, taking its language in its plain and obvious import.

Being of the opinion that the District Court erred in its order striking the cause from its docket, that order must be reversed, with instructions to reinstate the case.

*Reversed.*

KIMBALL, C. J., and BLUME, J., concur.