## LUSK LUMBER CO. v. INDEPENDENT PRODUC-ERS CONSOLIDATED ET AL.

(No. 1812; November 14, 1933; 26 Pac. (2d) 1075)

The cause was submitted for the defendant and appellant on the brief of *A. C. Allen,* of Riverton Wyoming.

The cause was submitted for plaintiff and respondent on the brief of *Durham & Bacheller,* of Casper, Wyoming, and *C. R. Ellery* and *Bard Ferrall,* of Cheyenne, Wyoming.

RINER, Justice.

This cause has been before the court, as now, through direct appeal proceedings, on two other occasions. For a statement of the questions involved and the results reached on the earlier appeals, it will suffice to refer simply to the opinions of this court, found in Lusk Lumber Co. v. Independent Producers Consolidated, 35 Wyo. 381, 249

P. 790; 36 Wyo. 34, 252 P. 1029; and 43 Wyo. 191, 299 P. 1044.

On May 19, 1930, the Lusk Lumber Co., plaintiff below, filed a second amended petition in the district court. Thereafter and on July 25, 1931, amended answers were filed by the defendants. Subsequently, replies to these answers were interposed by plaintiff. Finally, on September 30, 1932, the cause came on again for trial, this time before the court without a jury, and another judge sitting, upon a written stipulation signed by counsel for the respective parties, the material part of which, requiring consideration now, reading as follows:

"It is hereby stipulated by the parties hereto that this cause shall be tried to the Hon. C. D. Murane, Judge of the District Court of Natrona County, without a jury, each party to use such portion of the former record as he may desire."

At the conclusion of the trial, the court took the case under advisement, and, on October 8, 1932, rendered a judgment in favor of the plaintiff and against the defendant Independent Producers consolidated, for the full amount of $4,600, with interest and costs, as prayed in the second amended petition.

An inspection of the record now presented on this appeal from the judgment mentioned, discloses that, apparently, no record of the proceedings had upon the trial of the case was made by the official court reporter, and, in consequence, no certified transcript of the evidence presented to, and considered by, the district court, with the parties' objections and exceptions thereto, and the court's rulings thereon, as required by section 89-4905, Wyo. Rev. St. 1931, is here for our examination. It is true that the judgment itself recites that:

"And it further appearing to the satisfaction of the Court that counsel for the respective parties had stipulated and agreed that the matter might be presented to the Court upon the record, including the testimony introduced at the former trial, and that counsel might read from the transcript, duly certified to by the official Court Reporter reporting said cause, and the Court having announced its willingness to hear said cause upon the record and said transcript, counsel thereupon read to the Court the pleadings in said cause, with the exhibits, together with the transcript of the testimony, and both parties having announced that no further evidence would be offered, the Court proceeded to hear the arguments of counsel in support of their respective positions, and, after argument thereon, and the Court being now fully advised in the premises, finds generally in favor of the plaintiff and against the defendant, Independent Producers Consolidated, a corporation."

It is true, also, that there is, in the record, the transcript of the testimony taken on the first trial of the case before Judge Brown, showing his rulings in admitting and excluding evidence under other pleadings, but the rulings of Judge Murane and the exceptions taken thereto, if any, under the pleadings now in the case and on the trial which culminated in the judgment we are asked to review, are, as previously indicated, not shown.

In Carroll v. New York El. R. Co., 43 N. Y. S. 524, 14 App. Div. 278, it appeared that the case was tried before a referee, and, before trial, the parties stipulated "that either party may read in evidence such portions of the testimony taken in the case of William F. Douglas against the New York Elevated Railroad Company and the Manhattan Railway Company (41 N. Y. Supp. 1113), excepting the testimony of the experts therein, as counsel may desire." Both sides then read the testimony of many witnesses who had testified in that case. It

was urged, on appeal, that the former rulings on the evidence thus read from the Douglas Case should be reviewed as erroneous in the Carroll Case, but the court said, in the course of its opinion:

"We do not think that there is anything in the record to show that the objections interposed by the defendants to the specific questions asked in the Douglas Case were submitted to the referee in this case, or that he made any ruling upon such objections. Nor did the stipulations under which this testimony was read reserve the right of either party to object to such testimony, or provide that objections which had been taken and passed upon by the referee in the Douglas Case should be considered as objections and rulings made in the case at bar. The fact that counsel have stipulated that testimony which has been taken in one case be read as testimony in the other does not make the ruling of the court or referee in the case in which the testimony was taken rulings of the court or referee trying the case in which the testimony is read. Questions as to the competency of any particular evidence, and its relevancy, must depend upon the issues presented by the pleadings, and the condition of the proof in the particular case in which the evidence is offered. It could not be presumed that the parties intended, when such a stipulation as was made in the present case was entered into, that all rulings as to competency of testimony made by the court or referee in which the testimony was taken, and which presented different issues, could be considered as applicable to the testimony when read in another case. The stipulation is absolute that either party may read in evidence such portions of the testimony taken in the Douglas Case, excepting the testimony of the experts, as counsel may desire. Such a stipulation is inconsistent with the claim that such testimony, which it is stipulated that either party may read, is incompetent or immaterial under the pleadings. Where such a stipulation is made, applying generally to all the testimony taken in a particular action, it must be presumed that counsel considered and treated it for the purpose of that

trial as competent and material, and either party had the right to read such portions of it as he desired."

This holding of the Appellate Division of the Supreme Court was subsequently affirmed by the New York Court of Appeals, 57 N. E. 1106, 162 N. Y. 603. See, also, Bennett Grain Co. v. Davis, 114 Kan. 800, 220 P. 1031.

This court, in George Bolln Co. v. Freeman, 42 Wyo. 375, 294 P. 1110, 1111, referring to a situation where, due to a failure to properly certify the transcript of evidence, it never became a part of the record on appeal, said:

"The consequence of this state of the record in the pending case is that we are unable to consider the alleged errors argued in the brief of appellant, inasmuch as they all involve questions which arise solely upon the evidence offered and received on the trial of the case and upon an alleged rejected instruction."

That rule, it seems to us, is applicable here, for we have no transcript of the evidence, given on the trial of the case at bar, such as the law directs. Additionally, it is altogether impossible, from the record before us, to tell what parts of the transcript of the evidence on the first trial were read by plaintiff, and what were read by the defendant, and no abstract of that transcript has been furnished, as required by the rules of this court. Aside from these matters, it would be quite unfair to the trial judge to invoke the power of this court to reverse the case upon rulings he never made and which were made, too, under a different set of pleadings. There is no contention that plaintiff's second amended petition fails to state a cause of action. It remedied the defect, indicated by this court, upon

the first appearance of the case here, and plead a full performance of the contract involved in the litigation. Even if we could properly review the transcript of the evidence certified relative to the former trial, it is perfectly apparent that it contains sufficient evidence to support the judgment now under review. The effect of plaintiff's evidence on the first trial was clearly pointed out by the opinion first written by this court in this case.

It seems to be the contention of appellant that no proper evidence was submitted in this case in support of the second amended petition, but, so far as the record here enlightens us, counsel not only did not object to the introduction of the evidence used, but, on the contrary, expressly stipulated that it might be used, and, evidently, as stated in the Carroll Case, supra, "considered and treated it for the purpose of" this "trial, as competent and material."

We are unable to see how we can do otherwise than affirm the judgment.

*Affirmed.*

KIMBALL, C. J., and BLUME, J., concur.